Charles S. Ringwood, J.
On January 11, 1972 between 10:00 and 10:30 p.m., after questioning the defendant at the Glens Falls Police Station concerning a burglary earlier that evening at Duers ’ filling station on Bay Street, Patrolman Stanley Wood booked him on a charge of loitering in violation of section 240.35 (subd. 6) of the Penal Law.- Wood had concluded from having learned that an informer had reported that Inglee was about to commit a burglary on Bay Street and from the fact that Inglee had been picked up by Patrolman Mulcahy on Bay at Glen Street that he had probable cause to believe that Inglee had been loitering in that area.
Defendant was held in the local lockup for arraignment in City Court the following morning. Prior to arraignment he was again questioned by Detective Sergeant Fiore to whom he admitted burglarizing Duers.
Motion is to suppress that statement made to Fiore on the ground that Wood did not have probable cause to arrest for the loitering and having confessed the following morning under an illegal restraint that the statement was not voluntary.
It is difficult for me to believe that subdivision 6 of section 240.35 is aimed at prior acts; that one can be arrested in the confines of a police station for having loitered at some prior time.
It seems to me that this prohibition is somewhat comparable to the old vagrancy statute. In interpreting that statute (Code Crim. Pro., § 887) the court in People v. Marcial (110 N. Y. S. 2d 361, 362-363) said: “ Vagrancy is a present condition or status that applies only to a person who meets the description at the time the charge is lodged against him. People v. Banwer, Mag. Ct., 22 N. Y. S. 2d 566.” (Italics mine.)
Although I find nothing helpful on the question of legislative intent in the Commission Staff notes, I conclude from a reading of section 240.35 of the Penal Law, as a whole, that it was intended to provide for an on-the-scene arrest.
Even should.I be in error in this conclusion, I find from a review of the testimony at the hearing that there is missing an essential element of subdivision 6, to wit: any proof that there was any probable cause for Wood to believe that the defendant had wandered about Bay Street without apparent reason and under circumstances which justified a suspicion *1061 that he might have been engaging (in the act) or about to engage in crime and upon inquiry by a peace officer either refused to identify himself or failed to give a reasonably credible account of his conduct and purposes.
Officer Mulcahy testified at the hearing that he picked Inglee up at the corner of Exchange and- Glen Streets (not Bay Street) in response to a general radio call to pick him up and bring him to the station and that he had had no conversation with Wood concerning where he had apprehended him.
The missing element is any “ circumstance justifying a suspicion that he might have been'engaging (which has to mean then and there engaging) or about to engage in crime.”
Certainly when he was at Exchange and Glen Streets, he was not engaging in crime nor did anyone have any reason to suspect that he was. At that time, the officers did not know whether or not anything had been taken from puers and, therefore, could not have suspected him of even being in possession of stolen goods.
And for sure, he was not about to engage in crime as the break-in had already taken place. Had he been found wandering about Bay Street in the vicinity of some drug store or filling station then an officer might become suspicious that he was about to engage in crime in view of the informer’s tip.
I conclude that there was no probable cause and that the arrest and detention was for the purpose of questioning him further about the burglary; that this detention was illegal ; that the confession from him while still under restraint was a fruit of this illegality and, therefore, as a matter of law not voluntary (Wong Sun v. United States, 371 U. S. 471).
Hindsight dictates that he should have either been booked for the burglary on what evidence was at hand or released after questioning for a reasonable time. They could have always questioned him again after they had more evidence or information.
The motion is granted and the confession is suppressed.